# UNITED STATES DISTRICT COURT
## for the
### District of Hawaii

**SEALED BY ORDER OF THE COURT**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
April 3, 2025 2:41 PM
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>Samantha Ann Dennis<br><br>*Defendant(s)* | Case No.<br>Mag. No. 25-00287 RT<br><br>**FILED UNDER SEAL PURSUANT TO CRIMLR5.2(a)(1)** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **November 04, 2024** in the county of _____ in the _____ District of **Hawaii**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 113(a)(5) | Simple Assault |
| 49 U.S.C. § 46504 | Interference with Flight Crew Members and Attendants |

This criminal complaint is based on these facts:
See Attachments

☑ Continued on the attached sheet.

_____
Complainant's signature

Damon Tulsa Uyeda, TFO FBI
Printed name and title

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: April 3, 2025

City and state: Honolulu, Hawaii

_____
Rom A. Trader
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMANTHA ANN DENNIS,<br><br>　　　　　Defendant. | ) MAG. NO. 25-00287 RT<br>)<br>) TASK FORCE OFFICER'S<br>) AFFIDAVIT IN SUPPORT OF<br>) CRIMINAL COMPLAINT<br>)<br>)<br>)<br>)<br>) |

TASK FORCE OFFICER'S AFFIDAVIT
IN SUPPORT OF CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), who is empowered by law to conduct investigations and to make arrests.

2. I am currently a Task Force Officer with the Federal Bureau of Investigation ("FBI") and have been employed by the FBI since November 2023. I am presently assigned to the Honolulu Division of the FBI. As part of my employment as a Task Force Officer with the FBI, I have completed law enforcement and investigative training, including but not limited to, general

investigative techniques, criminal law, and handling of evidence, among other topics. Through my training and experience, I have become familiar with the manner in which criminal offenders operate, and the efforts of those involved in such activities.

3. As an FBI Task Force Officer, one of my duties and responsibilities includes, but is not limited to, the investigation of possible criminal violations of interference with flight crew members and attendants (Title 49, United States Code, Section 46504) and simple assault (Title 18, United States Code, Section 113(a)(5)).

4. The information contained in this affidavit is based on my personal knowledge and my training and experience, information obtained from other law enforcement personnel, information obtained from witnesses, and other evidence. This affidavit is intended merely to show that there is probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts as set forth in this affidavit, and my training and experience, there is probable cause to believe that Samantha Ann Dennis ("Dennis"), the defendant, committed violations of Title 49, United States Code, Section 46504 (Interference with Flight Crew Members and Attendants); and Title 18, United States Code, Section 113(a)(5) (Simple Assault).

## PROBABLE CAUSE

*Overview of the Investigation*

6.  On or about November 04, 2024, the law enforcement agency known as the Sheriff Airport Section, was called to the arrival gate of the Honolulu International Airport ("HNL") for Hawaiian Airlines flight 9 ("HA9"), where it was reported that a female passenger was being physically and verbally abusive to her minor daughter and had interfered with the duties of the flight crew members and attendants. Affiant, as a Task Force Officer with the FBI, conducted interviews both on that day and during the ensuing investigation.

7.  According to S.N., a flight attendant working aboard HA9,

   a.  Within the first two hours of flight, S.N. was approached by four separate passengers who related that a female child, ("M.D.") was being verbally abused by her mother, Dennis. A fifth passenger reported to S.N. that she witnessed Dennis kick M.D.

   b.  S.N. stated she felt threatened when Dennis stated to her "you keep smiling like that, God is going to kill you."

   c.  When asked how the incident made her feel, S.N. stated (in sum,): "We were 30,000 feet in the air with no one to help if she Dennis went crazy. I had anxieties because she was not completely there, and her actions were not that of a normal person." S.N. also expressed concern Dennis could have

3

escaped her restraints, further adding to S.N.'s "worry." S.N. stated Dennis also threatened T.G.[1], a fellow passenger of HA9, who ultimately restrained Dennis, placed her in handcuffs, and moved Dennis to a different seat.

8. S.N. confirmed that Dennis' actions interfered with S.N.'s duties, including but not limited to offering water throughout the cabin every 30 minutes, as S.N. and other flight attendants were unable to complete this task for the remainder of the flight.

9. According to J.T., another flight attendant working aboard HA9,

   a. A passenger seated in 24J ("A.P.") stopped J.T. and related that Dennis, who was seated two rows behind him, was being "physical" toward M.D. and stated (in sum): "I don't know how you feel, but when you see something, you have to say something."

   b. As J.T. approached Dennis' seat, she overheard Dennis exclaim something in a loud voice which J.T. could not make out. In response, J.T. advised Dennis to lower her voice and inquired if everything was okay, to which Dennis stated she was trying to calm her daughter. At this time, multiple passengers stood up and reported witnessing Dennis push M.D.'s head against the window and verbally abuse her.

   c. J.T. asked M.D. if she was okay, but M.D. had a "blank stare" on

---

[1] T.G. is an off-duty police officer with the Long Beach Police Department.

her face and did not answer. Dennis stated to J.T. (in sum): "I'm her mother, I'm trying to calm her down" while stroking M.D.'s hair in a rough manner. J.T. asked M.D. again if she was okay, but M.D. provided no response.

10. J.T. confirmed that her duties were interrupted as she was unable to continue the water service due to the disruptions caused by Dennis, stating that the interference lasted the entirety of the last two hours of flight. When asked how the incident made her feel, she stated "uneasy" and explained it was felt by "all passengers." J.T. also provided Affiant with names, seat numbers, and contact information for witnesses willing to provide statements to law enforcement.

11. According to M.L., a flight attendant working aboard HA9 whose duties included water service, passing out agriculture forms, cleaning the cabin, and handing out cookies upon arrival at HNL, Dennis' actions caused an interruption in her ability to perform her duties.

12. According to M.L., she was initially seated next to Dennis to monitor her as Dennis continually attempted to engage M.D., Eventually M.L. sat with M.D., in the rear of the plane, accompanied by M.L., for the remainder of the flight.

    a. M.L. described feeling alarmed and scared due to the number of passengers standing up in a darkened aircraft and yelling at Dennis to stop abusing M.D.

    b. M.L. believed there was a likelihood of a riot occurring in the

middle of the cabin and stated she had never experienced anything like that before.

    c.    M.L. briefed the captain who requested M.L. ask for T.G.'s assistance in restraining and moving Dennis, which after effectuating, quelled M.L.'s uneasiness about the situation.

13. Several passengers' interviews were conducted which corroborated the statements of the flight crew members and attendants. Additionally, several passengers provided Affiant with videos they had taken with their cell phones during the flight. The videos showed a portion of the behavior and demeanor of Dennis, M.L., and T.G.

14. After HA9 landed in Honolulu, M.D. was transported to the hospital by ambulance where child welfare services assessed M.D. and determined that she would be placed in foster care, where M.D. remains to this day.

15. On or about November 04, 2024, an interview of Dennis was attempted at HNL, but was terminated immediately as Dennis exhibited signs of being under the influence of drugs and/or alcohol.

16. On or about March 13, 2025, a Child & Adolescent Forensic Interview ("CAFI") was conducted of M.D. at the FBI Honolulu field office. According to M.D.,

    a.    During the flight, her mom, Dennis, was drinking and started

hitting her, kicking her, and hitting her head. M.D. stated her mother would not let her talk and spoke for her.

      b.    The flight attendants told Dennis if she did not calm down, they would put her in cuffs. M.D. stated her mom did not calm down, so an off-duty police officer put Dennis in cuffs and moved her [M.D.] to the back of the plane where a flight attendant stayed with her. M.D. stated she was so scared she was shaking but calmed down after a while.

//
//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

17. Based on the foregoing facts, I respectfully submit that probable cause exists to arrest Samantha Ann Dennis, the defendant, for (1) Simple Assault, in violation of 18 U.S.C. § 113(a)(5); and (2) Interference with Flight Crew Members and Attendants, in violation of 49 U.S.C. § 46504 and 49 U.S.C. § 46506(1).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Damon Tulsa Uyeda
Task Force Officer, Federal Bureau of Investigation

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 12:31 p.m. on April 3, 2025, at Honolulu, Hawaii.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4(d) and 4.1(b), this 3rd day of April, 2025, at Honolulu, Hawaii.



_____
Rom A. Trader
United States Magistrate Judge

8